CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 28 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY LEE, | ) | CASE NO. 7:16CV00413 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD CLARKE, DIRECTOR | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

William Henry Lee, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a 2012 judgment by the Pittsylvania County Circuit Court. Respondent filed a motion to dismiss Lee's § 2254 petition, and this matter is ripe for disposition.[1] Upon review of the record, the court grants respondent's motion to dismiss the petition as untimely and procedurally defaulted.

## I. Factual and Procedural Background

On June 4, 2012, the Pittsylvania County Circuit Court entered judgment convicting Lee of three counts of felony driving after being declared a habitual offender, second offense, driving under the influence, third offense in five years, and refusal to submit to testing for blood alcohol, second offense. On May 30, 2012, Lee was sentenced to fourteen years and six months of imprisonment with nine years suspended. (Case Nos. CR12000037, CR12000113, CR12000114, CR12000115, CR12000116.)

---

[1] The court notified Lee of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned Lee that judgment might be granted for the respondent if he did not respond to the motion by filing affidavits or other documents to contradict respondent's evidence or to otherwise explain his claims. Lee never responded. However, the time allotted for his response has expired, making the matter ripe for the court's consideration.

On appeal, Lee challenged his convictions on the sufficiency of the evidence to the Court of Appeals of Virginia. The appellate court denied the appeal on December 6, 2012, (Order, <u>Lee v. Commonwealth of Va.</u>, Record No. 1063-12-3, (Va. Ct. App. Dec. 6, 2012), and Lee did not appeal further.

On September 21, 2015, Lee filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, asserting the following claims for relief:

1. Counsel failed to contact, interview or subpoena an alibi witness.

2. Counsel colluded with the Commonwealth's Attorney and trial judge.

3. The trial judge failed to be both impartial and disinterested.

4. Counsel illegally abandoned Lee on appeal.

The petition was dismissed as untimely pursuant to Virginia Code § 8.01-54(A)(2), and the Supreme Court of Virginia denied rehearing on February 4, 2016. (Order, <u>Lee v. Clarke, Dir. Dep't. of Corr. of Va.</u>, Record No. 151441, (Va. Dec. 2, 2015)).

On September 2, 2016, Lee filed the instant § 2254 petition. Lee's grounds for filing this petition are as follows:

Claim 1: Counsel failed to investigate and subpoena key alibi witness to testify at trial.

Claim 2: Counsel colluded with the prosecutor.

Claim 3: Counsel failed to properly advise and defend Lee.

Respondent has filed a motion to dismiss, arguing that Lee's claims are untimely filed and simultaneously exhausted and defaulted. The court agrees, as explained below.

2

## II. Discussion

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies when a person in custody pursuant to a judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A-D), Rule 3(c) of the Rules Governing § 2254 Proceedings.[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final, when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). However, the time during which a "properly filed" state habeas petition is pending is not counted towards the limitations period. 28 U.S.C. § 2244(d)(2).

Lee's petition is clearly untimely under § 2244(d)(1)(A). Direct review of his convictions concluded, and his federal habeas time clock began to run, on January 7, 2013, thirty days after the Court of Appeals of Virginia denied his appeal from judgment on December 6, 2012. See Sup. Ct. Va. Rule 5A:6 (allowing 30 days from date of judgment to note an appeal). Lee then filed a state habeas petition in the Supreme Court of Virginia on September 21, 2015. The state habeas court dismissed Lee's claim as untimely, pursuant to Virginia Code § 8.01-654(A)(2). Because the state habeas court found Lee's petition to be untimely, and therefore

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

improperly filed, the filing and pendency of the petition did not toll the federal filing period under § 2244(d)(2). Moreover, under § 2244(d)(1)(A), Lee's one-year filing period expired on January 7, 2014, more than two years before he filed the instant federal habeas petition.

Lee has not asserted that his § 2254 petition is timely under the other three subsections of § 2244(d), and, thus, the court finds no basis for such arguments. Lee's case and petition do not implicate any state-created impediment to his presentation of the current claim so as to trigger § 2244(d)(1)(B). His case also does not involve any new rule of constitutional law declared in a recently decided and retroactively applicable decision of the United States Supreme Court, so as to invoke § 2244(d)(1)(C). Lastly, even though Lee waited for the pending Virginia State Bar complaint to conclude on July 7, 2014 before filing his state habeas petition, his attorney's misconduct could have been discovered through due diligence before that date, and does not invoke § 2244(d)(1)(D).[3] Accordingly, Lee's federal habeas claim is time-barred unless he demonstrates that the court should equitably toll the one-year statute of limitations, Rouse v. Lee, 39 F. 3d. 238, 246 (4th Cir. 2003).

Lee seeks equitable tolling based on the time period between the date he filed a complaint with the Virginia State Bar and the date that the investigation concluded. A petitioner is only entitled to equitable tolling if he demonstrates both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). The investigation of the bar complaint was pending between August 2013

---

[3] The receipt of the Virginia State Bar's determination that counsel had abandoned Lee did not change the factual landscape of his case. Much earlier, counsel failed to communicate to Lee that his petition for appeal with the Virginia Court of Appeals was denied on December 6, 2012. After not receiving any communication for months, Lee then contacted the Pittsylvania County Circuit Court Clerk's Office and received notice on July 12, 2013 that the petition was denied. Thus, the date of July 7, 2014 cannot constitute the "factual predicate" of the claims presented when Lee had already discovered the fact of counsel's abandonment at the time he filed his complaint to the Virginia State Bar. See, e.g., Owens v. Boyd, 235 F. 3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.").

4

and July 2014, and yet upon its conclusion,[4] Lee did not file a state habeas petition until September 21, 2015. Lee did not diligently pursue his rights when he allowed nearly three years to elapse between his conviction and filing his state habeas claim, and then nearly a year after that to file his untimely federal habeas petition. Moreover, Lee makes no showing that he was unable to file his state habeas petition immediately after he received notice that the pending bar complaint had been resolved. Accordingly, the pending bar complaint did not prevent Lee from timely seeking federal habeas relief, and thus, equitable tolling does not apply.[5]

For the reasons stated, the court concludes that the respondent's motion to dismiss must be granted. Lee failed to file his petition within the time limits mandated by § 2244(d) and fails to demonstrate any ground on which tolling is warranted. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of June, 2017.

_____
Chief United States District Judge

---

[4] The Virginia State Bar delivered a "public reprimand without terms" for counsel's failure to communicate with Lee regarding the status of his appeal from the Pittsylvania County Circuit Court or his further appellate options.

[5] Nonetheless, even if Lee could invoke equitable tolling, he is not entitled to relief because his claims are procedurally barred. A state prisoner must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before seeking federal habeas relief, see 28 U.S.C. § 2254(b), and "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). To meet the exhaustion requirement, a prisoner must seek review on his claim in the highest state court with jurisdiction to review it through either direct appeal or post-conviction proceedings. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). The legal theories and factual allegations presented in federal court must be the same as those presented at least once to the highest state court. Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Because Lee filed an untimely state habeas petition, the Supreme Court of Virginia never had the opportunity to adjudicate on the merits of the claims. Moreover, Lee is barred from raising the same claims in a second state habeas petition now, pursuant to Virginia Code §§ 8.01-654(A)(2), 8.01-654(B)(2). Accordingly, Lee's claims are simultaneously exhausted and defaulted, and thus, he is procedurally barred from federal habeas relief.

5